UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-115-KKC-2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| MARTEZ LAJUAN EDWARDS, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Martez Edwards' third motion for a modification in sentence under 18 U.S.C. § 3582(c)(1)(A). (DE 401.) For the reasons that follow, his motion is **denied**.

## Background

In December 2017, a grand jury returned a nineteen-count superseding indictment against Edwards and six other defendants, charging him with conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 14). After a three-day jury trial, Edwards was convicted on both counts.

Applying the Career Offender Guidelines, Edwards' calculated guidelines range was 262 to 327 months of imprisonment based on a total offense level of 34 and a criminal history category of VI. *See* USSG § 4B1.1. Ultimately, upon consideration of the § 3553(a) factors and following the grant of a downward variance, the Court imposed a sentenced of

180 months of imprisonment followed by ten years of supervised release. (DE 328). Edwards is not scheduled for release until May 20, 2030. (DE 406 at 3).

**Legal Standard**

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, PL 115-391, 132 Stat. 5194 (Dec. 21, 2018). This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

   1. *Exhaustion*

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The Court previously noted that exhaustive efforts by Edwards have been met, and thus has jurisdiction to consider the current motion. *See* DE 384 at 2.

   2. *Extraordinary and Compelling Reasons*

Under the applicable provision of Section 3582(c)(1)(A), the Court may grant a reduced term of imprisonment only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy

2

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define what it means to be *extraordinary* and *compelling*, but the commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

In this motion, Edwards expresses generalized concerns regarding contracting COVID-19 and fears the BOP has done little to ameliorate any of his concerns. (DE 401 at 2-3). Unfortunately, Edwards does not assert any arguments, nor present any evidence, which would demonstrate that his present circumstances are different than any other defendant incarcerated during the COVID-19 pandemic. Further, even assuming it did, the Court must still consider the § 3353(a) factors and whether they support his request for release.

3. *18 U.S.C. § 3553(a) Factors*

As the Court previously noted, Edwards was convicted of serious drug offenses involving large quantities of heroin and fentanyl to which he held a leadership role. *See* DE 384 at 3-4. The Court also noted that Edwards had only served a small fraction of his

sentence. These factors weighed against Edwards' request for compassionate release then, and they do so now. Edwards presents no new facts that alter the Court's prior analysis.

## Conclusion

For the reasons stated at the time of sentencing, in the Court's previous orders denying compassionate release, and in this Opinion, it is not appropriate to order Edwards' release at this time. The Court HEREBY ORDERS that Defendant Martez Edward's motion for compassionate release (DE 401) is DENIED.

Dated July 16, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY