UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  V.  **MARTEZ LAJUAN EDWARDS,**  Defendant. | **CRIMINAL ACTION 5:17-115-KKC-2**  **OPINION AND ORDER** |

*** *** ***

Defendant Martez LaJuan Edwards has filed a motion for a reduction in sentence (DE 416) pursuant to 18 U.S.C. § 3582(c)(1)(A), and the United States has responded. (DE 418.) As part of his motion, Edwards also requests the appointment of counsel. For the following reasons, the Court must deny the motion.

Edwards was convicted of conspiring to distribute 100 grams or more of a mixture or substance containing heroin and fentanyl, and possession with intent to distribute 100 grams or more of heroin. (DE 267.) On June 25, 2019, he was sentenced to a total term of 180 months of imprisonment on each count to run concurrently. (DEs 326, 328.)

Edwards now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." (DE 416.) The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such

a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

Edwards' sole ground for his motion is his contention that, due to intervening Sixth Circuit case law on the applicability of inchoate controlled substance offenses to "career offender" classifications, *see, e.g., United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), he would not qualify as a "career offender" if sentenced today. The United States argues that the intervening case law would have no effect on the career offender classification of Edwards, who was convicted of a controlled substance distribution offense under 21 U.S.C. § 841(a)(1) and who has three separate prior convictions for delivery or manufacture of a controlled substance in violation of Michigan state law.[1]

Regardless of any potential effect of *Havis* or related cases on Edwards' career offender classification if he were to be sentenced today, Sixth Circuit precedent is clear that "courts

---

[1] The Court also notes for the record that the United States' Response states: "Edwards mistakenly asserts that his advisory Guidelines range, as a career offender, was calculated at a total offense level of 34 and criminal history category of VI for a range of 262 to 327 months. Edwards' advisory range was a total offense level of 37 (with no credit for acceptance of responsibility of responsibility) and criminal history category of VI for a range of 360 months to life. *See* PSR at ¶ 47." (DE 418 at 3.) A review of the transcript from Edwards' Sentencing indicates that it is the United States—not Edwards—that is mistaken as to the correct Guidelines calculation. (DE 340 at 24.)

2

cannot use [§ 3582(c)(1)(A)] to circumvent binding precedent declaring the non-retroactive effect of new rules of criminal procedure." *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022). "[B]ecause *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *Id.* Further, a district court "*must* deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *Id.* at 586 (emphasis added). Thus, the Court will not evaluate whether Edwards would or would not be classified as a career offender if sentenced today—the Sixth Circuit has already declared that the result of that inquiry would not constitute an extraordinary and compelling reason for a sentence reduction regardless of the answer.

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing

Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Edwards' original sentencing hearing (DE 340) and while evaluating previous compassionate release motions. (DEs 384, 407.) The Court has reconsidered them for this motion. Edwards was convicted of serious drug offenses, and he was sentenced to a total term of 180 months of imprisonment on each count to run concurrently. Considering all of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Edwards' sentencing and previous rulings on § 3582(c)(1)(A) motions, it is not appropriate to order his release at this time.

Edwards also requests that the Court appoint counsel to represent him on this motion. No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582(c). *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (collecting cases)). The decision to appoint counsel in these circumstances is within the Court's discretion, and counsel may be denied if the issues are straightforward and resolvable upon review of the record. *Id.* The Court was able to resolve this motion on the record before it, and, thus, appointment of counsel is not appropriate.

For all these reasons, the Court HEREBY ORDERS that Defendant Martez LaJuan Edwards' motion for a reduction in sentence (DE 416) is DENIED.

This 7th day of March, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY